Stephen D. Weisskopf, Esq. (State Bar No. 213596)
Christopher E. Stiner, Esq. (State Bar No. 276033)
LEVATOLAW, LLP
2029 Century Park East, Suite 2910
Los Angeles, California 90067
Telephone: (310) 734-2026
Facsimile: (310) 421-4180

Attorneys for Plaintiff
TORTILLA FACTORY, LLC

# UNITED STATES DISTRICT COUNTY

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ROWDY MERMAID KOMBUCHA LLC, a Colorado limited liability company; UNITED NATURAL FOODS, INC., a Delaware corporation; UNITED NATURAL FOODS WEST, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-2984<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. **FALSE ADVERTISING UNDER LANHAM ACT 43(A)**<br>2. **FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500**<br>3. **UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TORTILLA FACTORY, LLC ("Tortilla Factory" or "Plaintiff") hereby alleges as follows:

## PARTIES

1. Plaintiff Tortilla Factory is a California limited liability company with its principal place of business in Los Angeles, California, and is in good standing in California. It manufactures a line of kombucha drinks under the brand name "Kombucha Dog."

2. On information and belief, defendant Rowdy Mermaid Kombucha LLC (collectively with Does 1-10, "Rowdy Mermaid") is a Colorado limited liability company with its principal place of business in Boulder, Colorado. References to Rowdy Mermaid used herein specifically include this Colorado limited liability company and any other predecessor organizations.

3. On information and belief, defendant United Natural Foods, Inc. ("UNFI"), is a Delaware corporation registered with the California Secretary of State with its principal place of business in Providence, Rhode Island. References to UNFI used herein specifically include this Delaware corporation and any other predecessor organizations.

4. On information and belief, defendant United Natural Foods West, Inc. ("UNFWI" and, collectively with UNFI, the "Distributors"), is a California corporation with its principal place of business in Rocklin, California. References to UNFWI used herein specifically include this California corporation and any other predecessor organizations.

5. Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that Rowdy Mermaid, the Distributors and each of the fictitiously named Doe defendants were in some manner

1 responsible for the acts alleged herein and the harm, losses and damages suffered by
2 Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while
3 participating in such acts, each of the defendants was the agent, alter ego, conspirator, and
4 aidor and abettor of the other defendants and was acting in the course and scope of such
5 agency and/or acted with the permission, consent, authorization or ratification of the other
6 defendants.

7      7.    As described further below, Rowdy Mermaid and the Distributors conduct
8 business and manufacture and/or distribute products in the greater Los Angeles area, and
9 throughout the United States.

**JURISDICTION AND VENUE**

11      8.    This action arises under 15 U.S.C. § 1125(a) and the statutory law of the
12 State of California. This Court has subject matter jurisdiction over this action pursuant to
13 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C.
14 § 1367 (supplemental jurisdiction).

15      9.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a
16 substantial part of the events or omissions giving rise to the claims occurred in this
17 District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

19      10.    This action seeks redress for Rowdy Mermaid's deliberate and unlawful false
20 and misleading representations regarding its variously flavored kombucha products[1]
21 ("Kombucha Products"). The Kombucha Products have been packaged, marketed and sold
22 by Rowdy Mermaid based on representations significantly understating their alcohol and,
23 upon information and belief, sugar content along with other material misrepresentations.

24      11.    This action seeks redress for the unfair, unlawful and fraudulent business
25 practices of all defendants, each of whom have participated in making, or aided and

---

[1] Rowdy Mermaid produces the following flavors: living ginger, flower grow, rowdy belly, savory peach, alpine lavender, and strawberry tonic.

abetted, the false advertising claims related to Rowdy Mermaid's Kombucha Products in California and nationwide.

I. **KOMBUCHA IN THE MARKETPLACE**

12. While there is variation among kombucha beverages, the term "kombucha" generally refers to a fermented beverage produced from a mixture of steeped tea and sugar, combined with a culture of yeast strains and bacteria. In the kombucha brewing process, yeast in the liquid metabolizes sugar and makes alcohol while bacteria in the liquid metabolizes alcohol and makes vinegar. While some kombucha beverages also have fruit juice or other flavors added during production, the value that the marketplace and consumers place on kombucha as a product is substantially based on it being the natural product described above, on its low sugar content, and on its high content of probiotics and associated acids.

13. Fermentation is a natural reaction when the sugar, yeast and bacteria are combined during kombucha production. As a consequence of this fermentation, the resulting product can have an alcohol content of 0.5% or more by volume. When this happens, the kombucha is regulated as an alcohol beverage under federal law and Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations.

14. In fact the TTB has a web page devoted to frequently asked questions on the regulation of kombucha brewing, sales and marketing. Relevant questions answered include the following[2]:

> **What causes a kombucha to continue fermenting in the original container after removal from the producer's premises?**
>
> Fermentation, which is part of kombucha production, is a natural reaction when sugar and yeast are combined. Several factors can influence how much alcohol is produced by fermentation, including time and temperature.
>
> Even though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and

---

[2] *Available at* https://www.ttb.gov/kombucha/kombucha-general.shtml

stored. As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcohol beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcohol beverages.

. . .

**Are kombucha containers required to bear a health warning statement?**

Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988. (See 27 U.S.C. 215 and 27 CFR part 16.) This requirement applies regardless of whether the kombucha is subject to the labeling requirements of the Federal Alcohol Administration Act (FAA Act). (See K13.) See 27 CFR part 16 for the wording, type size and other formatting rules regarding the health warning statement.

15. Thus kombucha's regulation as an alcoholic beverage is a well-known issue among kombucha producers and regulators despite kombucha's health benefits.

## II. KOMBUCHA DOG

16. Michael Faye, an entrepreneur and health conscious Californian, began brewing kombucha in 2010. After experimenting with over 200 teas and fermenting 60, Faye perfected his kombucha recipe and began offering it as Tortilla Factory's Kombucha Dog brand kombucha. Kombucha Dog currently offers six flavors—Just Kombucha, Mint, Wild Blueberry, Ginger, Wild Blue Ginger, and Raspberry. Kombucha Dog's recipe has a unique blend of probiotics, antioxidants and detoxifying gluconic and acetic acids.

17. Unlike mass-manufactured beverages, Kombucha Dog only uses raw, organic ingredients. Each batch is hand brewed and stored in dark glass bottles. Kombucha Dog makes unadulterated kombucha—it does not dilute the beverage like other manufacturers. Consequently, Kombucha Dog beverages have an alcohol content of 0.5% or more by volume.

18. Kombucha Dog beverages are labeled, marketed and distributed in substantial compliance with statutes and regulations governing it as an alcohol-containing beverage.

19. Kombucha Dog is a recognized product and brand in the marketplace, as

reflected in part by it having been featured or referenced in Los Angeles Magazine (including being listed in "Best of LA"), LA Weekly, Ovation Television Network (including "The Art Of…" television show), Locale Magazine, and various online media.

### III. ROWDY MERMAID AND ITS FALSE ADVERTISING OF ITS PRODUCTS

20. Rowdy Mermaid was founded by 2013. Jamba Dunn, founder and CEO of Rowdy Mermaid, describes his Kombucha Products as the culmination of his efforts to create a "less sweet, less vinegary" kombucha "with fresh herbs" suited to the "palate of a toddler." Mr. Dunn purports to have "finally solved the riddle of how to brew a caffeine-free kombucha using fresh plants."[3]

21. Jamba Dunn, CEO of Rowdy Mermaid, has stated in response to questions regarding the alcohol content of Rowdy Mermaid's Kombucha Product:

> **Is it alcoholic?**
> "It does have trace amounts. At 0.5 percent or below, I think it's impossible to get drunk off kombucha: You'd have to drink two gallons and you'd metabolize the alcohol faster than you could drink it. Most ripe fruit has about that amount of alcohol."[4]

22. Thus Rowdy Mermaid advertises, markets and promotes the Kombucha Products as being non-alcoholic beverages, when, in fact, its products contain more than 0.5% alcohol. Nowhere on the Kombucha Products is there any conspicuous disclosure that the products contain alcohol.

23. Instead, Rowdy Mermaid Kombucha Products' label makes no disclosure of alcohol content whatsoever. Upon information and belief, Rowdy Mermaid knows that its products contain more than 0.5% alcohol.

24. By failing to properly disclose to consumers that the Kombucha Products

---

[3] *Available at* https://rowdymermaid.com/pages/our-story.

[4] Kendall Kostelic, "Good for you? Yes. Alcoholic? A wee bit. Here's everything you need to know about the popular drink," *Denver Life Magazine* available at https://denverlifemagazine.com/2017/01/do-the-kombucha/.

contain alcohol above 0.5%, Rowdy Mermaid has confused and misled consumers (and jeopardized their health and safety), who reasonably expect that the drink does not contain alcohol or might only contain "trace" amounts.

25. Given this, the Kombucha Products can be legally purchased and consumed by minors despite the alcohol content and unwitting parents might purchase and provide these products to their young children.

26. In truth, the Rowdy Mermaid Kombucha Products contain between 1.0% and 1.2% alcohol and, consequently, must be properly labeled as alcoholic beverages and comply with the many regulations and statutes that govern the manufacturing, marketing and sale of alcoholic beverages. Plaintiff first learned of the true level of alcohol in Rowdy Mermaid's Kombucha Products within the last six months by utilizing headspace gas chromatography combined with mass spectrometry from a third party lab to test alcohol levels.

27. Upon information and belief, the Kombucha Products also understate the sugar content of their drinks, to mislead consumers into believing the products are healthier than other kombucha drinks on the market that properly advertise their sugar content.

28. Sugar level in beverages is an important factor in a consumer's purchasing decision, especially in beverage markets where products have advertised health benefits.

29. The labels on the Kombucha Products list a sugar content of between 1 and 5 grams. Given the manufacturing process for a true kombucha product, as Rowdy Mermaid's products purport to be, it is highly unlikely that the sugar level is accurate.

30. Tortilla Factory's Kombucha Dog is a direct competitor of Rowdy Mermaid with respect to brewing kombucha for sale in retail and wholesale settings. The parties are vying for the same dollars from the same consumers, and did so at all times relevant to this Complaint, except that Tortilla Factory did not seek to sell alcohol to minors.

31. Tortilla Factory is informed and believes that Rowdy Mermaid had

subjective notice of its actual, probable, or potential violations of legal obligations concerning labeling, marketing, and manufacturing of its Kombucha Products.

32. Rowdy Mermaid gained an unfair advantage over Tortilla Factory in the marketplace by engaging in unlawful practices including, among other things:

  a. Failing to label the Kombucha Products in compliance with laws regulating alcohol-containing beverages. This includes but is not limited to the legal requirement to disclose such beverages as being hazardous to pregnant women and a potential carcinogen.

  b. Failing to distribute the Kombucha Products in compliance with laws regulating alcohol-containing beverages. This includes using grocery distribution channels for the Kombucha Products, including but not limited through the Distributors, even though they were alcohol-containing beverages not entitled to such distribution, and required distribution only through licensed beer wholesalers.

  c. Failing to market the Kombucha Products in compliance with laws regulating alcohol-containing beverages, including on information and belief by selling and marketing the Kombucha Products to persons below 21 years of age.

  d. Upon information and belief, violating legal obligations to refrain from paying money or providing other consideration to retailers in exchange for exclusive or preferential relationships, displays, or distribution.

  e. Upon information and belief, understating the amount of sugar in the Kombucha Products, both on the nutrition facts, and generally in the labeling of the Kombucha Products.

33. As a direct and proximate result of such unfair and unlawful practices, Rowdy Mermaid gained an unfair advantage over Tortilla Factory in the marketplace because these violations allowed them to, among other things:

  a. Distribute its product through less expensive and broader reaching grocery distribution channels, including but not limited through the Distributors;

    b.    Market and sell its product to persons below 21 years of age;

    c.    Upon information and belief, exclude other kombucha manufacturers, including Tortilla Factory, from marketplaces by unlawfully securing exclusive or preferential arrangements with retailers and/or distributors;

    d.    Obtain a market advantage in the kombucha marketplace, which is very sensitive to the amount of sugar in competing products, by, upon information and belief, misrepresenting its sugar content;

    e.    Obtain a market advantage in the kombucha marketplace, which is very sensitive to perceived health-benefits of foods, by omitting required alcohol disclosures and warnings;

    f.    Produce and profit from sales of the Kombucha Products without satisfying all tax obligations, including but not limited to payment of the state alcoholic beverage tax.

    g.    Alter the marketplace through manipulation of consumers such that 100% authentic kombucha, such as Kombucha Dog, appeared to consumers, wholesalers, and retailers as less natural, less healthy, and more sugary than the Kombucha Products.

34.    Tortilla Factory is informed and believes that the Distributors distribute food products both within California and throughout the United States.  Tortilla Factory is further informed and believes that the Distributors knew of Rowdy Mermaid's violations of its legal obligations concerning labeling, marketing, and manufacturing of its Kombucha Products, but chose to distribute its products regardless in direct violation of applicable state and federal statutes and regulations.

35.    Further, Plaintiff is informed and believes that the Distributors knew that Rowdy Mermaid was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to Rowdy Mermaid —including but not limited to by distributing the Kombucha Products, and that Distributors' conduct was a substantial factor

in causing the aforementioned harm to Plaintiff.

36. As a direct and proximate result of the wrongful conduct alleged herein, Tortilla Factory lost profits, failed to obtain the market share it would otherwise have obtained, and was denied a fair marketplace.

## FIRST CLAIM FOR RELIEF

(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a)

Against Rowdy Mermaid and Does 1-10)

37. Plaintiff incorporates by reference Paragraphs 1 through 36 above as though fully set forth herein.

38. Rowdy Mermaid has made and distributed, in interstate commerce and in this District, advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements and failures to disclose, including, among others, statements regarding the alcohol and, on information and belief, sugar content of Rowdy Mermaid's Kombucha Products.

39. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

40. Rowdy Mermaid's false and misleading advertising statements and omissions injure both consumers and Plaintiff.

41. Rowdy Mermaid's false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §l 125(a).

42. Rowdy Mermaid has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Rowdy Mermaid, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false

advertising, and ordering removal of all Rowdy Mermaid's false advertisements.

43. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Rowdy Mermaid the damages sustained by Plaintiff as a result of Rowdy Mermaid's acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Rowdy Mermaid's acts.

44. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Rowdy Mermaid the gains, profits and advantages that they have obtained as a result of its acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Rowdy Mermaid has obtained by reason of its acts.

45. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Rowdy Mermaid's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**

(False Advertising Under Cal. Bus. & Prof. Code § 17500

Against All Defendants)

46. Plaintiff incorporates by reference Paragraphs 1 through 45 above as though fully set forth herein.

47. Rowdy Mermaid knew or in the exercise of reasonable care should have known that its publicly disseminated statements and omissions relating to its Kombucha Products were false or misleading. Rowdy Mermaid's false advertising statements and omissions injure consumers and Plaintiff. Rowdy Mermaid's false and misleading statements include, among others, statements regarding the alcohol and sugar content of Rowdy Mermaid's Kombucha Products.

48. By making such untrue or misleading statements, Rowdy Mermaid has engaged in false advertising in violation of the statutory law of the state of California, Cal.

Bus. & Prof. Code § 17500, et seq.

49. By reason of Rowdy Mermaid's conduct, Plaintiff has suffered injury in fact and has lost money and/or property.

50. Rowdy Mermaid has caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Rowdy Mermaid, its agents, employees, representatives and all persons acting in concert with them from engaging in further such acts, and forbidding Rowdy Mermaid from advertising its Kombucha Products with the alcohol and sugar content currently advertised, and from making other false statements in connection with the product.

51. Plaintiff is further entitled to a restitutionary recovery from Rowdy Mermaid.

52. Finally, Plaintiff is informed and believes that the Distributors knew that Rowdy Mermaid was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to Rowdy Mermaid—including but not limited to by distributing the Kombucha Products, and that Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff. Accordingly, Plaintiff is similarly entitled to both an injunction restraining Distributors and restitutionary recovery from Distributors.

### THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*

Against All Defendants)

53. Plaintiff incorporates by reference Paragraphs 1 through 52 above as though fully set forth herein.

54. Rowdy Mermaid has made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the characteristics of its Kombucha Products with the intent of selling, distributing, and increasing the consumption of, and interest in, its Kombucha Products.

55. Rowdy Mermaid's conduct as alleged herein was unlawful, violating both

applicable federal and state statutes and regulations, including but not limited to the United States Lanham Act, California Business and Professions Code provisions concerning exclusivity, marketing, sales, and promotions of alcoholic beverages (e.g., Cal Bus & Prof Code §§ 25000 et seq, 25502, 25503), and state and federal regulation of alcoholic beverages once alcohol content reaches 0.5% ABV at any time during the manufacturing, distribution, or sales processes (e.g. Cal. Alcoholic Beverage Control Act (Cal. B&P Code 23000 et seq); 27 CFR part 25).

56. Rowdy Mermaid's conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code § 17200, et seq.

57. As a direct and proximate result of Rowdy Mermaid's wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's goodwill with its existing, former and potential customers. Rowdy Mermaid's conduct has also caused damage to consumers.

58. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

59. Plaintiff is entitled to an injunction restraining Rowdy Mermaid, its officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

60. Plaintiff is further entitled to a restitutionary recovery from Rowdy Mermaid.

61. Finally, Plaintiff is informed and believes that the Distributors knew that Rowdy Mermaid was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to Rowdy Mermaid —including but not limited to distributing

the Kombucha Products, and that the Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff. Accordingly, Plaintiff is similarly entitled to both an injunction restraining Distributors and restitutionary recovery from Distributors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Rowdy Mermaid and the Distributors as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting Rowdy Mermaid, its agents, or anyone working for, in concert with or on behalf of Rowdy Mermaid from engaging in false or misleading advertising with respect to its Kombucha Products and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Rowdy Mermaid's false advertising.

2. For an order requiring Rowdy Mermaid to correct erroneous impressions any persons may have derived concerning the nature, characteristics, or qualities of its Kombucha Products, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That Rowdy Mermaid be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of its Kombucha Products.

4. That Rowdy Mermaid and Distributors be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.

5. That Rowdy Mermaid and Distributors be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, et seq.

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Rowdy Mermaid's and Distributors' conduct.

7. That Plaintiff be awarded Rowdy Mermaid's and Distributors' profits obtained as a consequence of Rowdy Mermaid's and Distributors' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Rowdy Mermaid's willful, intentional and deliberate acts in violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of Rowdy Mermaid's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118.

11. That Plaintiff be granted prejudgment and postjudgment interest.

12. That Plaintiff have such other and further relief as the Court deems just and proper.

DATED: April 9, 2018        LEVATOLAW, LLP


                            By: /s/ Stephen D. Weisskopf
                                Stephen D. Weisskopf
                                Attorneys for Plaintiff TORTILLA FACTORY, LLC