POLSINELLI LLP
Noel S. Cohen (CA Bar No. 219645)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310-556-1801
Facsimile:  310-556-1802
Email:     ncohen@polsinelli.com

*Attorneys for Defendant Rowdy Mermaid Kombucha, LLC, United Natural Foods, Inc. and United Natural Foods West, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ROWDY MERMAID KOMBUCHA, LLC, a Colorado limited liability company, UNITED NATURAL FOODS, INC., a Delaware corporation; UNITED NATURAL FOODS WEST, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-2984 MLR<br><br>**DEFENDANT ROWDY MERMAID KOMBUCHA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently With [Proposed] Order]<br><br>Date:  August 20, 2018<br>Time: 10:00 A.m.<br>Dept: Courtroom 880<br>Judge:  Manuel L. Real<br><br>Action Filed: April 9, 2018<br>Trial Date:  None |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

64074422.2

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................. 1

II.   BRIEF FACTUAL BACKGROUND ................................................... 3

    A.    The Parties and the Products .................................................... 3

    B.    Summary of Allegations and Relief Sought ............................. 4

III.  LEGAL ARGUMENT ......................................................................... 5

    A.    Legal Standards Under Rule 9(b) and 12(b)(6). ....................... 5

    B.    Tortilla Factory Fails to Credibly Allege That a Rowdy
        Customer  Would Have Bought Alcoholic Kombucha Dog But
        For Rowdy's  Alleged Mislabeling. ......................................... 5

        1.    The Court Can Dismiss Lanham Act And False
               Advertising  Claims At The Pleading Stage Where, as
               Here, There Are  No Facts Supporting The Contention
               that a Defendant's  Conduct Caused Any Harm. ...................... 6

        2.    Tortilla Factory Does Not Allege Facts Establishing Any
               Injury Caused By Rowdy. ......................................................... 9

    C.    Tortilla Factory's Information and Belief Claims That Sugar
        Content is "Likely" Mislabeled Is Woefully Deficient Under
        Rule  9(b) ................................................................................ 10

    D.    The Alcohol Claims Also Fail Under Rule 9(b) Because Tortilla
        Factory Fails to Allege Facts Establishing that Rowdy Is an
        Alcoholic Beverage ................................................................ 11

    E.    This Action Should be Dismissed or Stayed Under the Doctrine
        of Primary Jurisdiction .......................................................... 12

IV.   CONCLUSION ................................................................................. 14

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

64074422.2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Turbine Tech., Inc. v. Atlas Copco,*
295 F. Supp. 2d 1334 (S.D. Fla. 2003) .................................................................. 6

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .......................................................................................... 5

*Blue Star Press, LLC v. Blasko,*
2018 WL 1904835 (W.D. Tex. filed Mar. 6, 2018) ......................................... 7, 8

*Bobbleheads.com, LLC v. Wright Bros., Inc.,*
259 F. Supp. 3d 1087 (S.D. Cal. 2017) ............................................................... 6

*Brickstructures, Inc. v. Coaster Dynamix, Inc.,*
2017 WL 4310671 (N.D. Ill. 2017) .................................................................... 9

*Burke v. Weight Watchers Int'l, Inc.,*
983 F. Supp. 2d 478 (D.N.J. 2013) ................................................................... 12

*Clark v. Time Warner Cable,*
523 F.3d 1110 (9th Cir. 2008) .......................................................................... 13

*Conder v. Home Sav. of Am.,*
2010 WL 2486765 (C.D. Cal. 2010) ................................................................... 5

*Coto Settlement v. Eisenberg,*
593 F.3d 1031 (9th Cir. 2010) ............................................................................ 3

*Cruz v. Anheuser-Busch Companies, LLC,*
682 F. App'x 583 (9th Cir. 2017) ..................................................................... 14

*Cruz v. Anheuser-Busch, LLC,*
2015 WL 3561536 (C.D. Cal. 2015) ............................................................ 13, 14

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.,*
711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................................... 5

MOTION TO DISMISS

64074422.2

*Friedman v. MedJet Assistance, LLC*,
   2010 WL 11463109 (C.D. Cal. 2010) .................................................. 3

*Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*,
   258 F. Supp. 2d 1197 (D. Kan. 2003) ............................................ 6, 7

*Jacobo v. Ross Stores, Inc.*,
   No., 2016 U.S. Dist. LEXIS 86958 (C.D. Cal. 2016) ........................ 10

*Julian Bakery, Inc. v. Healthsource International, Inc.*,
   2018 WL 1524499 (S.D. Cal. 2018) .................................................. 5

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..................................................... 5, 10

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (2014) .................................................................... 5

*Moore v. Kayport Package Express, Inc.*,
   885 F.2d 531 (9th Cir. 1989) ......................................................... 10

*MyGo, LLC* v. *Mission Beach Indus., LLC*,
   2017 U.S. Dist. LEXIS 4344 ..................................................... 10, 11

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ............................................................. 10

*New.Net, Inc. v. Lavasoft*,
   356 F. Supp. 2d 1090 (C.D. Cal. 2004) ............................................ 9

*Pamlab LLC v. Seton Pharms., LLC*,
   2010 U.S. Dist. LEXIS 128819 (S.D.N.Y. 2010) .............................. 12

*Pestube Sys., Inc. v. HomeTeam Pest Def., LLC*,
   2006 WL 1441014 (D. Ariz. 2006) ................................................... 5

*Procter & Gamble Co. v. Chesebrough-Pond's, Inc.*,
   588 F. Supp. 1082 (S.D.N.Y. 1984) ................................................ 12

*Reliable Carriers, Inc. v. Excellence Auto Carriers, Inc.*,
   2012 WL 1931519 (E.D. Mich. 2012)) ............................................. 8

*RPost Holdings, Inc. v. Trustifi Corp.*,
   2012 U.S. Dist. LEXIS 197547 (C.D. Cal. 2012) ............................... 5

MOTION TO DISMISS

*Stahl Law Firm v. Judicate W.*,
  2013 WL 4873065 (N.D. Cal. 2013) ........................................................................ 9

*Summit Technology, Inc. v. High-Line Medical Instruments Co.*,
  933 F. Supp. 918 (C.D. Cal. 1996) ................................................................. 12, 14

*Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc.*,
  307 F.3d 775 (9th Cir 2002) ................................................................................. 13

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ................................................................................ 5

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................. 4, 5

Cal. Bus. & Prof. Code § 17500 ............................................................................. 4, 5

Cal. Bus. & Prof. Code § 17204 ................................................................................. 6

Cal. Bus. & Prof. Code §17535 ................................................................................. 6

Federal Rule of Civil Procedure 9(b) ........................................................... 2, 5, 10, 11

64074422.2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2018 at 10:00 a.m. in Courtroom 880 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California, 90012, Defendant Rowdy Mermaid Kombucha, LLC ("Rowdy") will and hereby does move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Tortilla Factory does not have standing to sue under the Lanham Act and related California unfair competition statutes because it fails to allege facts plausibly showing that Rowdy's labels caused lost sales or any injury. Tortilla Factory also does not plead any facts consistent with Rule 9(b) establishing that Rowdy understates the alcohol or sugar content of its beverages. Finally, the doctrine of primary jurisdiction warrants dismissal or a stay of this action.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and filings in this matter, all documents incorporated into the Complaint by reference and upon such other oral or documentary materials as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel under Local Rule 7-3 which took place on June 5, 2018.

Dated: June 18, 2018          **POLSINELLI LLP**

                                           /s/  Noel Cohen

                                           Noel S. Cohen
                                           *Attorneys for Defendant*
                                           *Rowdy Mermaid Kombucha, LLC,*
                                           *United Natural Foods, Inc., and*
                                           *United Natural Foods West, Inc.*

64074422.2

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Tortilla Factory, LLC ("Tortilla Factory") is a small company that sells an alcoholic "Kombucha Dog" beverage to a niche market of dog-loving consumers who are 21 and older, through liquor stores, bars and alcohol distributors. Rowdy Mermaid Kombucha, LLC ("Rowdy") sells its non-alcoholic kombucha to a different consumer base through different channels.

Tortilla Factory has brought this lawsuit claiming that the alcohol and sugar content of Rowdy's beverages are mislabeled. Tortilla Factory's allegations are false, and this lawsuit is just one of numerous copycat cases pending in this district that Tortilla Factory launched against kombucha manufacturers and distributors in an apparent effort to put them out of business. Tortilla Factory is wasting Rowdy's time and money, and causing several departments in this district to waste judicial resources. As detailed below, Tortilla Factory's "business strategy" is fatally flawed and this action should be dismissed without leave to amend.[1]

First, the Complaint does not allege facts showing that Tortilla Factory suffered injury as a result of any conduct by Rowdy. Rather, the Complaint offers generic allegations that Rowdy caused Tortilla Factory harm, because the two companies supposedly are "vying for the same dollars" and because the kombucha market is "sensitive to perceived health-benefits." [Complaint at ¶ 30.] But these conclusory allegations are unsupported, and any inference of competitive injury is

---

[1] This lawsuit is one of many that Tortilla Factory has filed against kombucha manufacturers and distributors in 2017 and 2018 in the Central District of California alone. *See Tortilla Factory, LLC v. GTs Living Foods, LLC*, No. 2:17-cv-07539-FMO-GJS (C.D. Cal. filed Oct. 14, 2017); *Tortilla Factory, LLC v. Humm Kombucha LLC*, No. 2:17-cv-09092-JAK-AFM (C.D. Cal. filed Dec. 19, 2017); *Tortilla Factory, LLC v. Health-Ade LLC*, No. 2:17-cv-09090-MWF-AFM (C.D. Cal. filed December 19, 2017); *Tortilla Factory, LLC v. Trader Joes Co.*, No. 2:18-cv-02977-CBM-AS (C.D. Cal. filed Apr. 9, 2018); *Tortilla Factory, LLC v. Better Booch, LLC*, No. 2:18-cv-02980-CAS-SK (C.D. Cal. filed Apr. 9, 2018); *Tortilla Factory, LLC v. Makana Beverages, Inc.*, No. 2:18-cv-02981-MWF-PLA (C.D. Cal. filed Apr. 9, 2018).

implausible. As explained below, Plaintiff fails to allege facts showing that a Rowdy customer concerned about alcohol would have chosen Tortilla Factory's alcoholic kombucha—as opposed to any other beverage—had he or she known of the alleged mislabeling. The idea is nonsensical.  An individual avoiding alcohol would not purchase Tortilla Factory's admittedly alcoholic beverage. The Complaint also fails to plead facts showing how Tortilla Factory's sugar content compares to Rowdy's, or even that Tortilla Factory's products are available in the same places as Rowdy's, such that consumers would (or even could) purchase Kombucha Dog instead.  Because Tortilla Factory does not and cannot allege that it lost sales or suffered any economic injury caused by Rowdy, all of its claims fail.

Second, Tortilla Factory's sugar claims do not satisfy the heightened pleading standards under Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, there is no factual basis for its information and belief conclusion that the sugar content listed on Rowdy's beverages is "unlikely" to be accurate. [*Id.* at ¶ 29.] These are the exact type of conclusory allegations that Federal Rule of Civil Procedure 9(b) was designed to filter out.

Third, Tortilla Factory's alcohol claims are also insufficient.  The alcohol claim is based on Alcohol and Tobacco Tax and Trade Bureau ("TTB") regulations, but Tortilla Factory ignores that those regulations permit testing under "any method" that has been scientifically validated. Tortilla Factory does not allege that Rowdy's alcohol levels are above 0.5% under all authorized testing procedures, or that Rowdy does not use scientifically validated methods. These omissions are fatal, and the alcohol claims should be dismissed under Rule 9(b) as well.

Finally, under the doctrine of primary jurisdiction, the Court should dismiss this action in light of Tortilla Factory's contention that the TTB is the agency that regulates and controls the testing and guidance in this space.

For these reasons, and as explained below, the Complaint should be dismissed with prejudice.

MOTION TO DISMISS

64074422.2

## II.   BRIEF FACTUAL BACKGROUND

### A.   The Parties and the Products

Kombucha is a type of fermented tea: sugar and tea are combined with yeast and bacteria to make a beverage rich in probiotics and healthy acids. [Complaint at ¶ 12.] One byproduct of the fermentation process is alcohol, which manufacturers dilute by adding fruit juices, water, and other flavors during production. [*Id.*]  Some kombuchas (like Tortilla Factory's) contain over 0.5% alcohol by volume due to the fermentation process and therefore must satisfy the laws and regulations applicable to alcoholic beverages. [*Id.* at ¶ 13.] Others, like Rowdy's, have less than 0.5% alcohol by volume and therefore are not alcoholic beverages.

Alcoholic beverages are regulated by the TTB. [*Id.*] There is no single required methodology for testing the alcohol content of kombucha. According to the TTB, "producers may use any method that has been formally validated (e.g., that underwent a multi-laboratory performance evaluation) or that is otherwise scientifically valid for purposes of determining the alcohol content of beverages, including beverages that contain less than 0.5 percent alcohol by volume."[2] This standard means that multiple parties could reach different conclusions about the alcohol content of a particular beverage depending on the methodology used.[3]

Around 2010, Tortilla Factory began selling kombucha under the name "Kombucha Dog" [*Id.* at ¶ 16.] Tortilla Factory expressly alleges that Kombucha

---

[2] Alcohol and Tobacco Tax and Trade Bureau, *Kombucha Information and Resources, available at* https://www.ttb.gov/kombucha/kombucha-general.shtml (last updated June 2017). The Court may consider this webpage on a motion to dismiss because Tortilla Factory cites it in the Complaint and thereby incorporates it by reference. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record."); *Friedman v. MedJet Assistance, LLC*, 2010 WL 11463109, at *4 (C.D. Cal. 2010) ("[W]ebsite content is 'documentary' for the purposes of the incorporation by reference doctrine.").

[3] For example, although the TTB "generally uses the distillation-specific gravity method (AOAC reference 935.21), using a densitometer instead of a pycnometer," the Complaint alleges that Tortilla Factory conducts tests using "headspace gas chromatography combined with mass spectrometry." [*Id.* at ¶ 26.]

64074422.2

1  Dog has an alcohol content over 0.5% by volume. [*Id.*] Tortilla Factory does <u>not</u>

2  allege any facts about its size or the geographic scope of its distribution and sales.

3      Tortilla Factory expressly alleges that Rowdy does not market its kombucha

4  as an alcoholic beverage and sells nationwide through various channels, including

5  "grocery distribution," among others. [*Id.* at ¶32.]  Notably, Tortilla Factory does

6  not allege that it sells through any of the same distributors or locations as Rowdy

7  and alleges nothing about the price of each company's beverages.[4]

8  **B.**   **<u>Summary of Allegations and Relief Sought</u>**

9      Tortilla Factory alleges that the alcohol content of Rowdy's kombucha

10  exceeds 0.5% by volume, requiring Rowdy to label its beverages as "alcoholic."

11  [*Id.* at ¶¶ at 14, 17.]  The Complaint does not state which products were tested,

12  when they were tested, or which products contained over .5% alcohol by volume.

13      Tortilla Factory further alleges, "upon information and belief," and without

14  <u>any</u> facts, that the sugar content listed on Rowdy's labels is "highly unlikely" to be

15  accurate. [*Id.* at ¶¶ 29.]  While Tortilla Factory does contend it performed testing on

16  the alcohol content, it does not make that same contention as to the sugar content.

17  As such, it is clear it did no such homework as to that wild allegation.

18      Based on these allegations, Tortilla Factory asserts claims against Rowdy for

19  False Advertising under the Lanham Act, False Advertising under Cal. Bus. & Prof.

20  Code § 17500 ("FAL"), and Unfair Competition under Cal. Bus. & Prof. Code §

21  17200 ("UCL").[5]  [*Id.* at ¶¶ 37-61.]

22

23

24

---

25  [4] Further, certain allegations that are presented in the Complaint are incorrect. For
26  example, as of April 19, 2018, the date the Complaint was filed, Rowdy did not
   even manufacture a strawberry tonic flavor. [Complaint, at fn. 1.]

27  [5] Tortilla Factory has also named two distributors of Rowdy's-- United Natural
   Foods West, Inc. and United Natural Foods, Inc. -- as defendants in this action.
28  Those entities have concurrently filed their own Motion to Dismiss.

64074422.2

### III.   LEGAL ARGUMENT

#### A.   Legal Standards Under Rule 9(b) and 12(b)(6).

A complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Conder v. Home Sav. of Am.*, 2010 WL 2486765, at *2 (C.D. Cal. 2010). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-60 (2007).

Rule 9(b)'s heightened pleading requirement also applies to claims of unfair competition, false advertising under Cal. Bus. & Prof. Code §§ 17200 and 17500, and Lanham Act claims for false advertising. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to Section 17200 claim); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-06 (9th Cir. 2003) (applying Rule 9(b) to Section 17500 claim); *Julian Bakery, Inc. v. Healthsource International, Inc.*, 2018 WL 1524499 at *4 (S.D. Cal. Mar. 28 2018) (applying Rule 9(b) to Lanham Act claim); *Pestube Sys., Inc. v. HomeTeam Pest Def., LLC.*, 2006 WL 1441014, at *5 (D. Ariz. 2006) ("Plaintiff's Lanham Act claim is essentially "grounded" or "sounds" in fraud and is governed by Rule 9(b) as a result."). *RPost Holdings, Inc. v. Trustifi Corp.*, 2012 U.S. Dist. LEXIS 197547 at *7 (C.D. Cal. 2012) ("Rule 9(b) applies to Plaintiff's false advertising claim under the Lanham Act."); *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (same).

#### B.   Tortilla Factory Fails to Credibly Allege That a Rowdy Customer Would Have Bought Alcoholic Kombucha Dog But For Rowdy's Alleged Mislabeling.

64074422.2

To bring a false advertising claim under the Lanham Act, a plaintiff must show (1) an injury to a commercial interest in sales or business reputation (2) that was proximately caused by the defendant's misrepresentations. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388-91, 1395 (2014). The test for standing under the UCL and FAL is comparable: the plaintiff must allege that it "has suffered injury in fact and has lost money or property as a result" of the alleged misconduct. Cal. Bus. & Prof. Code §§ 17204 (UCL), 17535 (FAL). Both tests—whether under the Lanham Act or UCL/FAL—require facts showing that the defendant's alleged conduct caused injury to the plaintiff. *See Bobbleheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1097 (S.D. Cal. 2017) (dismissing Lanham Act claim on motion to dismiss because "there is no allegation that it suffered any kind of reputational or economic injury as a result of the conduct"); *Air Turbine Tech., Inc. v. Atlas Copco*, 295 F. Supp. 2d 1334, 1344-46 (S.D. Fla. 2003) (no injury where turbine manufacturer failed to show that decline in sales was caused by defendant's misrepresentations about its own turbines).

As explained below, because Tortilla Factory has not alleged facts establishing injury or causation, all of its claims should be dismissed.

### 1. The Court Can Dismiss Lanham Act And False Advertising Claims at The Pleading Stage Where, as Here, There Are No Facts Supporting The Contention that a Defendant's Conduct Caused Any Harm.

Courts often dismiss unfair competition and false advertising claims where, as here, the plaintiff does not allege facts showing that the defendant's conduct caused it harm. *See, e.g., Bobbleheads.com, LLC*, 259 F. Supp. 3d at 1097 ("There are no more specific allegations of, at the very least, lost sales or damage to its reputation. This is insufficient to plead proximate causation to support a Lanham Act claim."); *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1211-12 (D. Kan. 2003) (no injury where plaintiff dog food manufacturer failed to

64074422.2

show how competitor's labeling of dog food as "#1 in America's pet stores" caused plaintiff to lose sales).

For example, in *Bobbleheads.com, LLC*, plaintiff designed and distributed a bobblehead doll depicting Hillary Clinton in a prison jumpsuit. 259 F. Supp. 3d at 1091-92. Defendant also designed and distributed a similar looking bobblehead doll of Clinton in a prison jumpsuit. *Id*. According to plaintiff, defendant falsely advertised its bobblehead dolls as the "official bobblehead doll of the 2016 Donald Trump Presidential Campaign" when, in fact, there was no affiliation. *Id*. at 1093. Plaintiff argued that "Defendants' false advertising has caused it to suffer damages and that it is entitled to recover Defendants' profits from sales stemming from their wrongful conduct." *Id*. at 1097. The court rejected that argument and held that these allegations were too conclusory. *Id*. ("There are no more specific allegations of, at the very least, lost sales or damage to its reputation. This is insufficient to plead proximate causation to support a Lanham Act claim.").

Similarly, in *Blue Star Press, LLC v. Blasko*, the Court held that Blasko's counterclaim allegations were insufficient to establish standing under the Lanham Act and related state law claims, because he did not allege facts showing how Blue Star "took away from" his market share. 2018 WL 1904835 at *5-6 (W.D. Tex. filed Mar. 6, 2018) (report and recommendation by U.S. Magistrate Judge). Both Blasko and Blue Star sold adult coloring books. *Id*. at *1-2. Blasko alleged, among other things, that Blue Star "misrepresent[ed]" that its books were "NEW & EXPANDED" and that its artwork was "all hand drawn" by "independent artists" when in fact the books were "knock-offs." *Id*. at *5. Blasko claimed that these representations "actually deceived or had the capacity to deceive . . . potential consumers because consumers would not likely have bought the books if they knew the books were knock-offs" and "would likely be influenced by buzzwords like 'hand-drawn' [and] 'independent artists.'" *Id*. Blasko added that he had "been

commercially damaged and [was] likely to have been injured as a direct and proximate result of Blue Star's unfair competition . . . ." *Id*.

The Court held that these allegations were insufficient to show any injury and granted the motion to dismiss. *Id*. The allegation that Blasko was "commercially damaged" was "obviously conclusory." *Id*.  Blasko also suggested that "because Blue Star and Blasko are competitors in the adult coloring-book market," the alleged misrepresentations "draw[] away customers who would purchase [its] books but for Blue Star's theft of goodwill from other competitors." *Id*. at *6. The court rejected this theory as well, because it was unsupported: "The problem with this allegation is that Blasko does not allege how any of Blue Star's alleged conduct took away from Blasko's market share." *Id*.  Blasko also argued that he established causation by alleging "Blue Star can sell products at lower prices for higher margins and with less cost because Blue Star does not pay for the proper licensing fees that [Blasko] pays for the art in its books." *Id*. But this causal chain was "too attenuated" to provide standing. Blue Star could have offered lower prices for any number of reasons unconnected to any alleged fraud.  *Id*. at *6-7.

Also, in *Reliable Carriers, Inc. v. Excellence Auto Carriers, Inc*., the Court dismissed a Lanham Act claim because the plaintiff merely alleged it would suffer harm without alleging why consumers would choose to purchase its trucking service over defendants. 2012 WL 1931519 at *3 (E.D. Mich. 2012). Both parties were trucking companies that offered transportation services. *Id*. at *1. The plaintiff asserted that "[defendant] falsely advertised that it had 350 trucks when it had only 208 trucks" and that "it had transported automobiles for 50 years when it had only been transporting vehicles for 30 years."  *Id*. at *3. The plaintiff also alleged that "the number of trucks and drivers at the disposal of an automobile carrier and the length of time an automobile carrier has been in business are considered material to the target consumer market." *Id*. The court ruled that these allegations were insufficient to show causation because plaintiff did not allege why, in the absence

MOTION TO DISMISS

of the false advertising, consumers would have bought its services rather than defendant's. *Id*. ("[A]ny customer who decided not to use [defendant's service] because it only has 208 trucks [would not necessarily] use [plaintiff's], who has less than 6 trucks.").

### 2.     Tortilla Factory Does Not Allege Facts Establishing Any Injury Caused By Rowdy.

Tortilla Factory does not allege facts showing injury or causation. Tortilla Factory generically alleges that "Kombucha Dog is a direct competitor of Rowdy with respect to brewing kombucha," that they are "vying for the same dollars from the same customers," and that the "kombucha marketplace is sensitive" to the amount of alcohol and sugar. [Complaint at ¶ 30.] But as in *Blue Star Press*, where the plaintiff alleged "commercial damage," and in *Bobbleheads*, where the plaintiff claimed that "Defendant's false advertising has caused it to suffer damages," Tortilla Factory's conclusory allegations do not support any claim. *See also Stahl Law Firm v. Judicate W*., 2013 WL 4873065 at *3 (N.D. Cal. 2013) ("Plaintiff makes only conclusory allegations that 'Plaintiffs and Defendants compete for providing legal services' and that Defendants 'have made false and misleading statements about their services that harmed Plaintiffs' ability to compete.'"); *Brickstructures, Inc. v. Coaster Dynamix, Inc*., 2017 WL 4310671 at *4 (N.D. Ill. 2017) (dismissing Lanham Act claim where plaintiff made "conclusory" and "superficial" allegations of injury).

If anything, Tortilla Factory's allegations contradict the idea that it suffered any injury as a result of Rowdy's conduct. The Complaint essentially admits that Tortilla Factory and Rowdy are not in the same market and are not selling to the same consumers, with Tortilla Factory selling only to persons 21 and over who want an alcoholic beverage. [Complaint at ¶¶ 18-19.]  Tortilla Factory does not explain why a customer concerned about alcohol content and who supposedly was deceived by Rowdy's labeling would suddenly decide to purchase Tortilla

9

Factory's alcoholic product instead. *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1116 (C.D. Cal. 2004) (dismissing Lanham Act claim because "[b]ased on Plaintiff's own description of the parties' respective businesses in the complaint, they would not be considered competitors because they are involved in different products in different segments of the internet market").

Tortilla Factory also does not provide any facts showing that Rowdy and Kombucha Dog are sold in the same locations or through the same channels or at comparable prices. Tortilla Factory also does not allege any facts about whether its sugar levels are higher or lower than Rowdy's, or why a consumer concerned about sugar would instead purchase Kombucha Dog.

Because the Complaint fails to allege that Rowdy's labeling caused any economic injury, Tortilla Factory does not have standing under the Lanham Act, UCL and FAL, and all its claims should be dismissed.

C.    **Tortilla Factory's Information and Belief Claims That Sugar Content is "Likely" Mislabeled Is Woefully Deficient Under Rule 9(b)**

Under Rule 9(b), a plaintiff must plead fraud with particularity—in other words, the "who, what, when, where, and how" constituting the fraud. Fed. R. Civ. P. 9(b); *Kearns*, 567 F.3d at 1124-25. Allegations based "on information and belief" do not satisfy this heightened pleading standard. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *Jacobo v. Ross Stores, Inc.*, No., 2016 U.S. Dist. LEXIS 86958 at *9 (C.D. Cal. Feb. 23, 2016). Although there is an exception where the facts are exclusively within the defendant's possession, the plaintiff still must state a <u>factual basis</u> for the belief. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations made "on information and belief" insufficient where the factual basis amounted to "no more than 'suspicious circumstances'"); *Jacobo*, 2016 U.S. Dist. LEXIS 86958 at *9 ("Plaintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' .

---

10
MOTION TO DISMISS

. . ."); *MyGo, LLC* v. *Mission Beach Indus., LLC*, 2017 U.S. Dist. LEXIS 4344 at *15-16 ("[W]hile [plaintiff] is correct in arguing that '[p]leading on "information and belief" is permitted under Rule 9(b) when essential information lies uniquely within another party's control,' [plaintiff] fails to address the requirement that 'the pleading set[] forth the specific facts upon which the belief is reasonably based.'").

Here, every allegation about the sugar in Rowdy's beverages is stated "information and belief" guesswork without any <u>facts</u>. [Complaint at ¶¶ 10, 27-29, 32(e).]  Such allegations do not even come close to meeting Tortilla Factory's burden.  Rule 9(b) was designed to weed out these types of frivolous information and belief claims.

**D.   <u>The Alcohol Claims Also Fail Under Rule 9(b) Because Tortilla Factory Fails to Allege Facts Establishing that Rowdy Is an Alcoholic Beverage.</u>**

Tortilla Factory's alcohol claims are based on the assertion that Rowdy does not comply with TTB regulations. [Complaint at ¶ 13.]  But as detailed above, the TTB expressly permits more than one testing methodology to evaluate alcohol levels in kombucha. The TTB website, which Tortilla Factory references and relies on throughout the Complaint, explains that "producers may use *any method* that has been formally validated (e.g., that underwent a multi-laboratory performance evaluation) or that is otherwise scientifically valid for purposes of determining the alcohol content of beverages, including beverages that contain less than 0.5 percent alcohol by volume." Alcohol and Tobacco Tax and Trade Bureau, *supra* note 2 (emphasis added).

To establish that Rowdy's kombucha beverages are improperly labeled under these regulations, Tortilla Factory must allege specific facts showing that Rowdy's products are above 0.5% alcohol by volume under each of these valid testing methodologies.  It does not.  Instead, the Complaint refers only to one test, and offers no specifics about this test.  [Complaint at ¶ 26.] For instance, it does not

11

64074422.2

allege which Rowdy products were tested, what entity did the testing, where or exactly when they were tested or what the specific results were for the beverages. The Complaint also does not allege that Rowdy's testing is not scientifically valid.

Tortilla Factory is just making it up as it goes along to try and seek discovery from another kombucha product.  In its attempt to do so, it asks the Court to accept that Rowdy's products are mislabeled based on a single, vaguely identified test of unidentified products, while ignoring the permissive TTB regulatory standard allowing testing *by any* scientifically valid method. The Complaint does not allege that Rowdy's kombucha is mislabeled under this permissive standard, and courts have dismissed similar mislabeling claims under similar circumstances. *See, e.g., Burke v. Weight Watchers Int'l, Inc.*, 983 F. Supp. 2d 478, 483 (D.N.J. 2013) (dismissing calorie mislabeling claims because plaintiff failed to allege that the product was mislabeled as to each of the five testing methodologies permitted by FDA regulations); *Pamlab LLC v. Seton Pharms., LLC*, 2010 U.S. Dist. LEXIS 128819 at *31-32 (S.D.N.Y. 2010) (where FDA accepted multiple methods for verifying expiration dates on labels, plaintiff's failure to show why defendant's chosen method was insufficient to support its expiration date was fatal to plaintiff's false advertising claim); *Procter & Gamble Co. v. Chesebrough-Pond's, Inc.*, 588 F. Supp. 1082, 1094 (S.D.N.Y. 1984) ("The difference in [plaintiff and defendant's test results] was partially caused by the different test protocols . . . neither of the parties has successfully proven that the other has chosen tests and conducted them in such a manner as to mislead the public.").

### E.   This Action Should be Dismissed or Stayed Under the Doctrine of Primary Jurisdiction.

Plaintiff through this and the other six actions it has filed seeks to place itself in the shoes of the TTB and establish through the Courts the appropriate labeling and testing requirements for kombucha.  But that is an area that Congress specifically delegated to the TTB, which has expertise on alcohol testing

MOTION TO DISMISS

64074422.2

methodologies, and in particular, methodologies for testing kombucha, which present unique scientific challenges.  See *Summit Technology, Inc. v. High-Line Medical Instruments Co.*, 933 F. Supp. 918, 934 (C.D. Cal. 1996) (dismissing claim because "[i]n essence, the FDA has not yet determined how it will interpret and enforce its own regulations with regard to this question, and the Court must therefore decline to usurp the FDA's authority.")

As such, even if Plaintiff had standing and had asserted factual allegations sufficient to state a cause of action, the Court should still defer to the TTB's scientific expertise in the relatively young scientific field of kombucha testing and dismiss or stay the action pursuant to the doctrine of primary jurisdiction.  Primary jurisdiction is a prudential doctrine under which Courts may "determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v. Microchip Tech., Inc.*, 307 F.3d 775, 780 (9th Cir 2002).  The doctrine is used where "a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." *Id.* (quotation omitted).

When deciding to apply the doctrine, Courts generally consider the following non-exclusive factors: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." *Id.* at 781.  Primary jurisdiction permits Courts to dismiss or stay an action pending resolution of an issue within the special competence of an administrative agency.  *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008).  All four factors are met here.

First, there is a need to resolve the appropriate methodology for testing the amounts of alcohol naturally occurring in kombucha.

13

MOTION TO DISMISS

Second, "[t]he TTB has exclusive jurisdiction in regulating the labels on alcoholic beverages because Congress expressly granted exclusive authority to the Treasury Department who in turn delegated its duties to the TTB." *Cruz v. Anheuser-Busch, LLC*, 2015 WL 3561536 at *4 (C.D. Cal. June 3, 2015); *Cruz v. Anheuser-Busch Companies, LLC*, 682 F. App'x 583 (9th Cir. 2017).   Tortilla Factory acknowledges the TTB's regulatory role with alcohol products referencing and incorporating into its Complaint the TTB's various guidance and FAQs regarding Kombucha products.   [Complaint at ¶¶ 13-14.]   The TTB has specific expertise on testing methodologies and should be allowed to employ that expertise. *See Summit Technology, Inc. v. High-Line Medical Instruments Co.,* 933 F. Supp. 918, 934 (C.D. Cal. 1996) (dismissing claim because "in essence, the FDA has not yet determined how it will interpret and enforce its own regulations with regard to this question, and the Court must therefore decline to usurp the FDA's authority.")

Third, the TTB's responsibilities subject alcoholic beverages, which Tortilla Factory apparently alleges all kombucha is, to comprehensive regulation.

Finally, determination regarding testing of alcohol in Kombucha products and the appropriate methodologies require both specialized expertise and uniformity in administration.   Here, Tortilla Factory is asking several judges in this district to support its bald contention about appropriate testing procedures for kombucha.   Tortilla Factory does not speak for the TTB and should not be permitted to act as a private attorney general via this and all of its other lawsuits.

With all four factors met, the Court should dismiss or stay this action.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed in its entirety without leave to amend.

*[Signature on following page]*

1    Dated:  June 18, 2018                    **POLSINELLI LLP**

2

3                                                  /s/  Noel Cohen

                                            Noel S. Cohen
4                                           *Attorneys for Defendants*
                                            *Rowdy Mermaid Kombucha, LLC,*
5                                           *United Natural Foods, Inc. and*
                                            *United Natural Foods West, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

15

MOTION TO DISMISS

64074422.2

**CERTIFICATE OF SERVICE**

I am over the age of 18 and not a party to the within action; I am employed by POLSINELLI LLP in the County of Los Angeles, California at 2049 Century Park East, Suite 2900, Los Angeles, California 90067.

On June 18, 2018, I served the foregoing document(s) described as:

**DEFENDANT ROWDY MERMAID KOMBUCHA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action by:

[X]   **By CM/ECF:** I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice List/Service List.

[X]   **(Federal)** I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

Executed on June 18, 2018, at Los Angeles, California.

*/s/ Noel Cohen*
Noel Cohen

64074422.2