POLSINELLI LLP
Noel S. Cohen (CA Bar No. 219645)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  310-556-1801
Facsimile:   310-556-1802
Email:        ncohen@polsinelli.com

*Attorneys for Defendants Rowdy Mermaid Kombucha, LLC, United Natural Foods, Inc. and United Natural Foods West, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, a California limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROWDY MERMAID KOMBUCHA, LLC, a Colorado limited liability company, UNITED NATURAL FOODS, INC., a Delaware corporation; UNITED NATURAL FOODS WEST, INC., a California corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:18-cv-2984 MLR<br><br>**DEFENDANTS UNITED NATURAL FOODS, INC. AND UNITED NATURAL FOODS WEST INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed Concurrently With [Proposed] Order]<br><br>Date:  August 20, 2018<br>Time: 10:00 a.m.<br>Dept:  Courtroom 880<br>Judge:  Hon. Manuel L. Real<br><br>Action Filed: April 9, 2018<br>Trial Date:  None |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310 556 1801

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

I.    INTRODUCTION..................................................................................1

II.   BRIEF FACTUAL BACKGROUND.....................................................2

    A.    The Distributors ...........................................................................2

    B.    The Claims and Allegations in the Complaint................................3

III.  LEGAL ARGUMENT ...........................................................................3

    A.    Legal Standards Under Rule 9(b) and 12(b)(6). .............................3

    B.    Plaintiff's Allegations Against the Distributors are Without
        Merit .............................................................................................4

        1.    Tortilla Factory's Failure to Allege Any Facts
               Establishing Actual Knowledge Warrant Dismissal of the
               Claims ...............................................................................5

        2.    The Complaint Does Not Allege Any Facts Showing
               Participation in the Alleged Underlying Violation...............6

    C.    Tortilla Factory Does Not and Cannot Plead Facts Showing
        Aider and  Abettor Liability...........................................................7

        1.    Tortilla Factory Does Not, And Cannot Allege Facts
               Establishing that The Distributors Had Actual Knowledge
               Of Rowdy's Alleged Mislabeling.........................................8

        2.    Tortilla Factory Also Does Not, And Cannot, Allege Facts
               to Support Its Bald Contention That The Distributors
               Participated In Any Underlying Misconduct......................10

    D.    The Claims Should Also Be Dismissed Because the Complaint
        Does Not Plead Facts With Particularity Against Each
        Distributor. ..................................................................................12

    E.    The Request for Nonrestitutionary Disgorgement Should Be
        Stricken. ......................................................................................13

64106835.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IV.    CONCLUSION ............................................................................ 15

MOTION TO DISMISS

64106835.1

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## Cases

4

*Am. Master Lease LLC v. Idanta Partners, Ltd.*,

5
    225 Cal. App. 4th 1451 (2014), *as modified* (May 27, 2014) ............................ 14

6

*Ashcroft v. Iqbal*,

7
    556 U.S. 662 (2009) ...................................................................................... 3, 6

8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................... 4

9

*Colgan v. Leatherman Tool Grp.*, Inc.,

10
    135 Cal. App. 4th 663 (2006)...................................................................... 14, 15

11

*Conder v. Home Say. of Am.*,

12
    2010 WL 2486765 (C.D. Cal. 2010) ................................................................... 3

13

*Dorfman v. Nutramax Labs., Inc.*,
    2013 WL 5353043 (S.D. Cal. 2013) ................................................................... 8

14

*Emery v. Visa Int'l Serv. Ass'n*,

15
    95 Cal. App. 4th 952 (2002)....................................................................... 4, 6, 7

16

*Henderson v. Gruma Corp.*,

17
    2011 WL 1362188 (C.D. Cal. 2011) ........................................................... 13, 14

18

*In re First All. Mortg. Co.*,

19
    471 F.3d 977 (9th Cir. 2006) ............................................................................ 13

20

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
    299 F.R.D. 648 (S.D. Cal. 2014)....................................................8, 9, 10, 11, 12

21

*In re Jamster Mktg. Litig.*,

22
    2009 WL 1456632 (S.D. Cal. 2013) ......................................................... 8, 9, 10

23

*Ivie v. Kraft Foods Glob., Inc.*,
    2015 WL 183910 (N.D. Cal. 2015).................................................................... 13

24

25

*Jacobo v. Ross Stores, Inc.*,
    2016 U.S. Dist. LEXIS 86958 (C.D. Cal. 2016).................................................. 4

26

4

64106835.1

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009)...................................................................4, 12

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003).............................................................13, 14, 15

*Madrid v. Perot Sys. Corp.,*
    130 Cal. App. 4th 440 (2005)...........................................................13

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993)..................................................................4

*Parent v. MillerCoors LLC,*
    2016 WL 3348818 (S.D. Cal. 2016) ....................................2, 6, 7, 1, 12

*People v. Sarpas,*
    225 Cal. App. 4th 1539 (2014).............................................................5

*People v. Toomey,*
    157 Cal. App. 3d 1 (1984)...........................................................4, 6, 8

*Perez v. Monster,*
    149 F. Supp. 3d 1176 (N.D. Cal. 2016) ...............................6, 8, 11, 12

*Perfect 10 Inc. v. Visa Int'l Serv. Org.,*
    494 F.3d 788 (9th Cir. 2007) ...........................................................4, 7

*Pulaski & Middleman, LLC v. Google, Inc.,*
    802 F.3d 979 (9th Cir. 2015) ...........................................................14

*RPost Holdings, Inc. v. Trustifi Corp.,*
    2011 WL 4802372 (C.D. Cal. 2011) ....................................................5

*Schulz v. Neovi Data Corp.,*
    152 Cal. App. 4th 86 (2007)..........................................................9, 10

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003)...........................................................4

**Statutes**

Section 17200 of the California Business and Professions Code..................1, 4, 6, 7

Section 17500 of the California Business and Professions Code..................1, 4, 6, 7

MOTION TO DISMISS

64106835.1

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 1, 3

Federal Rule of Civil Procedure 9(b) ................................................................... 1, 2, 4, 12

MOTION TO DISMISS

64106835.1

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 20, 2018 at 10:00 a.m. in Courtroom 880 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California, 90012, Defendants United Natural Foods, Inc. and United Natural Foods West, Inc. (collectively, the "Distributors") will and hereby do move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  The Complaint alleges that Defendant Rowdy Mermaid Kombucha, LLC ("Rowdy") mislabeled the alcohol and sugar content of its kombucha beverages and that the Distributors should be held liable merely because they distributed the beverages. As a matter of law, the Distributors have no liability under these circumstances. The Complaint also fails to state facts against each Distributor with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

Additionally, or in the alternative, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court should strike Tortilla Factory's request for restitution and disgorgement of profits from the Distributors, because these remedies are unavailable as a matter of law.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and filings in this matter, and upon such other oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 5, 2018.

*[Signature on following page]*

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

64106835.1

1

Dated:  June 18, 2018

2

3

4

5

6

**POLSINELLI LLP**

/s/  Noel Cohen

Noel S. Cohen
*Attorneys for Defendants Rowdy*
*Mermaid Kombucha, LLC, United*
*Natural Foods, Inc. and United*
*Natural Foods West, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

64106835.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This is a labeling dispute between Tortilla Factory, LLC ("Tortilla Factory"), which makes alcoholic kombucha, and Rowdy Mermaid Kombucha, LLC ("Rowdy"), which makes non-alcoholic kombucha. Tortilla Factory has needlessly complicated the case by adding two of Rowdy's Distributors as defendants. The Distributors should be dismissed under Rules 9(b) and 12(b)(6) because the Complaint does not allege that the Distributors did anything other than distribute Rowdy beverages, which is not enough to establish any type of liability.  Indeed, if the law were any different, entire commercial industries would be turned on their proverbial heads.

Tortilla Factory has asserted two causes of action against the Distributors for violation of Section 17200 of the California Business and Professions Code ("UCL") and Section 17500 of the California Business and Professions Code ("False Advertising Law").   <u>The only reference to the Distributors' alleged wrongdoing in the entire Complaint is the following information and belief allegation:</u>

> Finally, Plaintiff is informed and believes that the Distributors knew that Rowdy Mermaid was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to Rowdy Mermaid-including but not limited to by distributing the Kombucha Products, and that the Distributors' conduct was a substantial factor in causing the aforementioned harm to Plaintiff.  [Complaint at ¶¶ 52, 61.]

That is it.  There is no reference to how Distributors knew of the purported wrongful conduct.   Just a single information and belief allegation that the Distributors knew, and sold the product anyway.  It is implausible that a food and beverage distributor that ships countless brands to different stores across the

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
310.556.1801

1

MOTION TO DISMISS

country could undertake to inspect the labels of all products in its cargo, then test their composition in a laboratory, before finally offloading them at their retail destination. All of the claims against the Distributors should be dismissed based on the failure to plausibly allege any <u>facts</u> concerning knowledge.

The Claims against the distributors also fail under Rule 9(b) as the Complaint lacks the requisite specificity for the UCL and False Advertising Law claims as they are grounded in fraud.  The claims against the Distributors should be dismissed for this reason as well.

Finally, Tortilla Factory's prayer for disgorgement of "profits" and "restitution" from the Distributors should be stricken because these forms of relief are unavailable under the UCL and False Advertising Law under the circumstances of this case, where Tortilla Factory is seeking to recover allegedly lost sales under the guise of "profits" and "restitution."

## II. **BRIEF FACTUAL BACKGROUND**

### A. **The Distributors**

The Distributors are alleged to be food and beverage distributors—i.e., merchant middlemen. [Complaint ¶ 34 ("Tortilla Factory is informed and believes that the Distributors distribute food products both within California and throughout the United States.)"]  Distributors generally take the products from manufacturing and packaging sites and deliver them to locations where consumers can purchase the products.

Tortilla Factory does not allege that the Distributors produce any Rowdy products. Nor does Tortilla Factory allege that the Distributors had any control over Rowdy's labeling, or that the Distributors are required to test any of the numerous products they deliver for labeling compliance or ingredient composition. Tortilla Factory alleges only that the Distributors "distribute[s]" Rowdy's products – i.e., moved products from one place to another.

### B.     The Claims and Allegations in the Complaint

The Complaint alleges that the alcohol content of Rowdy's kombucha beverages exceeds 0.5% by volume, requiring Rowdy to label its beverages as "alcoholic" per TTB regulations. [*Id* at ¶ 26.] Tortilla Factory further alleges, <u>upon information and belief,</u> and without any facts, that the sugar content listed on Rowdy's labels is "<u>highly unlikely</u>" to be accurate. [*Id*. at ¶ 29.] Based on these allegations, Tortilla Factory asserts claims against Rowdy for False Advertising under the UCL and False Advertising Law.[1]

More relevant for this motion, the Complaint alleges, in conclusory fashion, that the Distributors "gave substantial assistance" to Rowdy by distributing products. [Complaint at ¶¶ 52, 61.]  The Complaint further alleges, on information and belief—and without any facts supporting that information and belief—that the Distributors "knew" that Rowdy was understating the alcohol and sugar content of its beverages. [*Id*.]  Based on these thin allegations, Tortilla Factory seeks to hold the Distributors liable for violations of the FAL and UCL. [*Id*. at ¶¶ 52, 61.]

## III.   LEGAL ARGUMENT

### A.     Legal Standards Under Rule 9(b) and 12(b)(6).

A complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff cannot rely on "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Conder v. Home Say. of Am.*, 2010 WL 2486765 at *2 (C.D. Cal. 2010). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for

---

[1] The claims against Rowdy are being addressed in a separate motion to dismiss.

relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558¬60 (2007).

In addition, Rule 9(b)'s heightened pleading requirement applies to claims of unfair competition and false advertising under Sections 17200 and 17500. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th Cir. 2009) (applying Rule 9(b) to Section 17200 claim); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-06 (9th Cir. 2003) (applying Rule 9(b) to Section 17500 claim).

Under Rule 9(b), a plaintiff must plead fraud with particularity—namely, the "who, what, when, where, and how" constituting the alleged fraud. Fed. R. Civ. P. 9(b); *Kearns*, 567 F.3d at 1124-25. Allegations based "on information and belief" do not satisfy this heightened pleading standard. *Jacobo v. Ross Stores, Inc.*, 2016 U.S. Dist. LEXIS 86958 at *9 (C.D. Cal., 2016) ("Plaintiffs must conduct a reasonable investigation into their claims and plead at least some facts to bolster their 'belief' . . . ."); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations made "on information and belief" insufficient where the factual basis amounted to "no more than 'suspicious circumstances'").

### B.   Plaintiff's Allegations Against the Distributors are Without Merit

Plaintiff has asserted claims against the Distributor Defendants without any investigation or evidence of wrongdoing. Both claims are patently defective.

An "unfair practices claim under section 17200 cannot be predicated on vicarious liability. ... A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violate section 17200 or 17500." *Perfect 10 Inc. v. Visa Int'l Serv. Org.*, 494 F.3d 788, 808 (9th Cir. 2007) (quoting *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002)); *People v. Toomey*, 157 Cal. App. 3d 1, 14 (1984) ("The concept of vicarious liability has no application to actions brought under

[UCL].”); *see also RPost Holdings, Inc. v. Trustifi Corp*., 2011 WL 4802372 at *6 (C.D. Cal. Oct. 11, 2011).

Because vicarious liability is not a legally viable theory, to establish liability, Plaintiff must allege that each of the Distributors aided and abetted the supposed UCL/False Advertising Law violations.  *People v. Sarpas*, 225 Cal. App. 4th 1539, 1563 (2014) (“liability under the UCL may be imposed against those who aid and abet the violation.”).  “Liability may be imposed if the defendant ‘knows the other's conduct constitutes a breach ... and gives substantial assistance or encouragement to the other to so act.’” *Id*.

Here, there are no allegations that the Distributors, who deliver boxes of kombucha to stores, ever tested Rowdy’s products or had anything to do with the labeling.   Rather, Tortilla Factory generically recites the legal standard on information and believe: “Plaintiff is informed and believes that the Distributors knew that Rowdy was engaged in the foregoing wrongful conduct, that the Distributors gave substantial assistance to Rowdy— including but not limited to by distributing the Kombucha Products, and that Distributors’ conduct was a substantial factor in causing the aforementioned harm to Plaintiff.” [Complaint at ¶¶ 52, 61.]  Such conclusions are not enough.

> **1.     Tortilla Factory’s Failure to Allege Any Facts Establishing Actual Knowledge Warrant Dismissal of the Claims**

Plaintiff’s allegations that Distributors who simply transported bottles of kombucha from a manufacturing or packaging site to a retail location “knew” the alcohol or sugar content was higher than stated do not get Plaintiff past the pleading stage.  The Complaint does not allege any facts in support of its conclusion that the Distributors independently knew that Rowdy’s products were supposedly mislabeled.  It does not allege that either of the Distributors even read the product labels.   It does not give any facts as to why delivery companies would

independently test Rowdy's products to verify the accuracy of Rowdy's labels.  Of course, the law imposes no such obligation.  Under *Twombly/Iqbal*, the Court is not required to blindly accept nonsensical allegations such as these; rather, it must use its "common sense" to discern whether Plaintiff's story makes any sense.  *Iqbal*, 556 U.S. at 676; *see, i.e., Perez v. Monster*, 149 F. Supp. 3d 1176, 1186-87 (N.D. Cal. 2016) (dismissing false advertising claims against retailer where allegations in complaint failed to state retailer had actual knowledge of alleged misrepresentations).

**2.    The Complaint Does Not Allege Any Facts Showing Participation in the Alleged Underlying Violation**

Even if the Complaint alleged that the Distributors had actual knowledge, Plaintiff's claims still fail because they cannot allege any participation in the underlying act.  "In the context of false advertising, there is no duty to investigate the truth of statements made by others.  A defendant's liability must be based on his personal participation in the unlawful practices and unbridled control over the practices that are found to violation section 17200 or 17500." *Parent v. MillerCoors LLC*, 2016 WL 3348818 at *7 (S.D. Cal. 2016); *People v. Toomey*, 157 Cal.App.3d 1, 15; *Emery v. Visa Int'l Servs. Ass'n*, 95 Cal. App. 4th 952, 960 (2002).  The Complaint makes no allegation that the Distributors played any role in the labeling, advertising or marketing of the products.

*Parent v. MillCoors LLC* is particularly instructive.  In that case, plaintiff sought to hold a defendant liable for third party representations based on a manufacturer-distributor relationship.  2016 WL 3348818 at *7 (S.D. Cal. 2016).  Plaintiff alleged that distributors and retailers deceptively stocked defendant's beer among craft beers when it was not in fact a craft beer.  *Id.* Despite Defendant's "contracts with a network of distributors," the court found that the manufacturer could not be liable for representations by the distributor because plaintiff failed to

allege any "personal participation" or "unbridled control" over the underlying violation. *Id.*

Similarly, in *Emery v. Visa Int'l Servs. Ass'n*, plaintiffs received deceptive solicitations from lotteries that accepted payment by Visa and displayed Visa's logo on their solicitation materials.  Visa did not participate in the lotteries, but merely licensed its payment system and allowed usage of its logo where Visa was accepted.  In affirming dismissal of the UCL and False Advertising Law claims, the Court held "there can be no civil liability for unfair practices" where the defendant "played no part in preparing or sending any 'statement' that might be construed as untrue or misleading under the unfair business practices statutes." *Id.* at 964.

The Ninth Circuit has also foreclosed Plaintiff's argument that the Distributors can be held liable even though they did not prepare the allegedly false statements.  In *Perfect 10*, 494 F.3d at 808-09, plaintiffs sought to impose liability on credit card companies for processing payments and facilitating access to websites that were allegedly violating §§ 17200 and 17500.  In upholding the dismissal of plaintiff's claims, the Ninth Circuit reasoned that even if there was a colorable underlying violation, the credit card company did not provide any "personal participation" to the underlying violation by processing payments and granting access to the website.  *Id.*

Here, Plaintiff does not allege that either of the Distributor defendants actually participated in preparing the supposed misleading statements or otherwise personally participated in the allegedly wrongful conduct.   Such claims are foreclosed under established state and federal precedent.

C.      **Tortilla Factory Does Not and Cannot Plead Facts Showing Aider and  Abettor Liability.**

Tortilla Factory seeks to hold the Distributors liable, as aiders and abettors, for Rowdy's alleged mislabeling. [Complaint at ¶¶ 6, 11.] To establish aider and

abettor liability in the false advertising context, a plaintiff must plead facts showing that (1) the defendant had *actual knowledge* of the misrepresentation, and (2) the defendant personally participated in, or had unbridled control over the misrepresentation. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, 299 F.R.D. 648, 657 (S.D. Cal. 2014); *In re Jamster Mktg. Litig.*, 2009 WL 1456632 at *8 (S.D. Cal. 2009); *Perez v. Monster Inc.*, 149 F. Supp. 3d 1176, 1186-87 (N.D. Cal. 2016); *Dorfman v. Nutramax Labs., Inc.*, 2013 WL 5353043 at *14 (S.D. Cal. 2013); *People v. Toomey*, 157 Cal. App. 3d 1, 14-15 (1984). Tortilla Factory pleads no facts to support either of the elements.

1. **Tortilla Factory Does Not, And Cannot Allege Facts Establishing that The Distributors Had Actual Knowledge Of Rowdy's Alleged Mislabeling.**

Tortilla Factory alleges that Rowdy's kombucha beverages exceed 0.5% alcohol by volume, and therefore must be labeled and sold to consumers as "alcoholic beverages" under TTB regulations. [Complaint at ¶ 26.] Tortilla Factory further alleges that the "manufacturing process for a true kombucha product" makes it likely that Rowdy's claimed sugar content is inaccurate.  [*Id.* at ¶ 29.] To hold the Distributors liable as aider and abettors for these claims, the Complaint must allege facts showing that the Distributors *actually knew* that Rowdy's kombucha beverages constituted "alcoholic beverages" under TTB regulations and *actually knew* that the sugar content was higher than what was stated on the label. Tortilla Factory's allegations of knowledge are conclusory and implausible.

*In re Hydroxycut Mktg. & Sales Practices Litig.*, 299 F.R.D. 648 (S.D. Cal. 2014) is instructive. In that case, plaintiffs sued both the manufacturer and the retailers of a weight-loss supplement, alleging that the manufacturer's advertisements and labeling misrepresented the product's safety and effectiveness. *Id.* at 654-55.  The plaintiffs "generally allege[d]" that the retailer defendants, Wal-

Mart, GNC, and Rite Aid, "knew or should have known about the falsity of the manufacturer's "representations [and] advertisements" and asserted claims against them for "aiding and abetting" violations of California consumer protection statutes. *Id.* at 655-57.

After explaining that "liability for aiding and abetting a tort" requires "actual knowledge" of the tortious conduct, the court observed that "[n]o facts are alleged supporting an inference that the Retailer Defendants knew that representations made by [the manufacturer] regarding the safety and efficacy of the products were false or deceptive." *Id.* at 657. There were only "conclusory" allegations of knowledge. *Id.* at 659 ("The allegations that the Retailer Defendants 'knew or should have known' are conclusory."). The court rejected the plaintiffs' argument that "knowledge and intent may be averred generally." *Id.* at 659 ("[C]ircumstances of fraud must be stated with particularity."). A "plaintiff must allege sufficient facts to support an inference or render plausible that the defendant acted with the requisite intent," and no such facts were pled in the complaint. *Id.* ("Plaintiffs have not alleged facts that would give rise to an inference of knowledge on the part of the Retailer Defendants that the advertisements regarding the Hydroxycut Products' safety and effectiveness were not true."). Plaintiffs' aiding and abetting claims against the retailers were therefore dismissed. *Id.*

Other courts have dismissed similar false advertising claims against retailers and other intermediaries where there were only conclusory allegations that the defendant knew of the allegedly deceptive or illegal conduct. *See, e.g., In re Jamster Mktg. Litig.*, 2009 WL 1456632 at *8 (S.D. Cal. 2013) (no liability for mobile service provider where plaintiff alleged "in conclusory fashion without adequate particularity, that T—Mobile knew of complaints concerning deceptive marketing [of mobile content provider Jamster]"); *Schulz v. Neovi Data Corp.*, 152 Cal. App. 4th 86, 97 (2007) (allegations that PayPal 'knew of [defendant's]

unlawful operations' but knowingly and intentionally aided and abetted the operation by setting up a system' for consumers to use its electronic check system, and, as a result, received a fee" were "mere conclusions").

These decisions demonstrate sound reasoning why Tortilla Factory's information and belief allegations are insufficient. These conclusory allegations of knowledge are no different than those rejected as insufficient in *Hydroxycut*, *Jamster*, and *Schulz*. *See Hydroxycut*, 299 F.R.D. at 659 (rejecting allegations that retailer defendants "knew or should have known about the falsity of the manufacturer's "representations [and] advertisements"); *In re Jamster Mktg. Litig.*, 2009 WL 1456632 at *8 (allegations that distributor "knew of complaints concerning deceptive marketing" were insufficient); *Schulz*, 152 Cal. App. 4th at 97 (allegations that credit card processor 'knew of [defendant's] unlawful operations' were insufficient).

The Complaint's generic allegations of knowledge are not just legally deficient, but also implausible. For the Distributors to have knowledge of Rowdy's alleged misconduct, the Distributors would need to (i) inspect the labels on Rowdy's beverages; and (ii) send the bottles to a laboratory to assess compliance with the statements on those labels. It defies reason to suggest that a food and beverage distributor would take these steps for each of the products it ships. It cannot conceivably test and verify the labeling on all of the products that it ships. To hold otherwise in these circumstances would inhibit commerce and subject distributors to untold liability simply for delivering goods to their point of sale.

**2.      Tortilla Factory Also Does Not, And Cannot, Allege Facts to Support Its Bald Contention That The Distributors Participated In Any Underlying Misconduct.**

To hold a defendant liable under the UCL or the False Advertising Law, the plaintiff also must allege "personal participation" and "unbridled control" over the challenged practices. *See Parent v. MillerCoors LLC*, 2016 WL 3348818 at *7

10

(S.D. Cal. 2016). Tortilla Factory does not allege that the Distributors participated in or had control over Rowdy's advertising or labeling.  Both causes of action fail for this reason as well.

In *Hydroxycut*, the plaintiffs alleged that retailers "adopted" the manufacturer's "representations as their own" by displaying and selling the manufacturer's products in their stores. *Hydroxycut*, 299 F.R.D. at 656. The Court held that these allegations were insufficient as a matter of law to constitute "control" and "participation" by the retailers. *Id.* at 657 ("Holding retailers liable for all statements made on products that they sell would impose the type of secondary liability that has been rejected by courts."). The plaintiffs had to allege facts showing that the retailer went "above and beyond selling a product." *Id.* Selling a product with an allegedly deceptive label was not enough. *Id.* ("[T]he Court is unaware of any authority for the proposition that under state consumer protection laws, a retailer adopts statements made on product packaging.").

Similarly, in *Perez v. Monster Inc.*, 149 F. Supp. 3d 1176 (N.D. Cal. 2016), the court dismissed false advertising claims against a retailer where plaintiff did not allege facts demonstrating the retailer's participation in or control over the manufacturer's advertising. Plaintiff alleged that he purchased an HDMI cable from Best Buy and that the product's packaging misrepresented certain compatibility requirements. *Id.* at 1179-80. The complaint alleged that "Best Buy affirms these misrepresentations at the time of sale," that "Best Buy advertises, promotes, distributes and sells Monster HDMI cables," and that "Best Buy authorizes false and misleading representations about Monster HDMI cables." *Id.* at 1186. The Court explained that these allegations were "thin and quite conclusory. There are no factual allegations indicating how Best Buy affirms or authorizes Monster's alleged misrepresentations." *Id.* (emphasis in original). "Once Mr. Perez's conclusory allegations are cast aside, Mr. Perez is basically left with the position that Best Buy

is liable simply because it sells Monster's HDMI cables (*i.e.*, is a retailer for Monster)." *Id*. at 1187. Because there was "no authority to support the proposition that Best Buy can be held liable on this basis alone," the Court dismissed the claims against Best Buy. *Id*.; *see also Parent*, 2016 WL 3348818 at *7 (dismissing false advertising claims against brewer premised on activities of retail establishments: "Plaintiff does not allege such 'personal participation' or 'unbridled control' here" "over the retailers.").

As in *Hydroxycutt* and *Perez*, Tortilla Factory alleges no facts showing that the Distributors participated in or controlled Rowdy's allegedly misleading advertising or labeling. The Complaint pleads only information and belief conclusions of "substantial assistance," which should be disregarded on a motion to dismiss. [Complaint at ¶¶ 52, 61 ("the Distributors gave substantial assistance to Rowdy".] After removing these conclusions, Tortilla Factory is left only with the allegation that the Distributors should be liable because they distribute Rowdy's products. This is the same theory rejected in *Hydroxycut* and *Perez*.

Because Tortilla Factory fails to plead sufficient, non-conclusory <u>facts</u> showing that the Distributors had knowledge of any mislabeling or false advertising that they participated in or had control over, Tortilla Factory's claims against the Distributors fail as a matter of law and should be dismissed.

### D.   <u>The Claims Should Also Be Dismissed Because the Complaint Does Not Plead Facts With Particularity Against Each Distributor.</u>

As shown, Tortilla Factory's clams sound in fraud and therefore must satisfy the heightened pleading requirements of Rule 9(b). *Kearns*, 567 F.3d at 1124-25. The Complaint does not identify *what* the Distributors' role was in Rowdy's allegedly "wrongful conduct," or *how*, *when*, and *where* the Distributors supposedly "knew" that Rowdy was engaging in "wrongful conduct." The allegations against each of the Distributors are fatally vague and should be dismissed.

E.   **The Request for Nonrestitutionary Disgorgement Should Be Stricken.**

Tortilla Factory impermissibly seeks disgorgement of "profits" and "restitution" against the Distributors for alleged violations of the UCL and FAL. [Complaint ¶¶ at 51, 60; Prayer for Relief at ¶ 7.] Although restitution is traditionally available under these statutes, what Tortilla Factory characterizes as "restitution" and disgorgement of "profits" is actually nonrestitutionary disgorgement, which is not available as a matter of law and should be stricken. *See In re First All. Mortg. Co.*, 471 F.3d 977, 996-97 (9th Cir. 2006); *Henderson v. Gruma Corp.*, 2011 WL 1362188 at *8 (C.D. Cal. 2011) ("Plaintiffs' prayer for damages is nonrestitutionary disgorgement, and as such, is not permissible under the FAL."); *Ivie v. Kraft Foods Glob., Inc.*, 2015 WL 183910 at *2 (N.D. Cal. 2015) ("[T]he court agrees that nonrestitutionary disgorgement is not a remedy under the UCL [or] FAL").

"Restitution" under the UCL and the False Advertising Law has a distinct meaning, and a request for nonrestitutionary profits—which is money that was wrongfully taken from the defendant—is not an available remedy. *See In re First All. Mortg. Co.*, 471 F.3d at 997; *see also Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 455 (2005)

"*[N]onrestitutionary* profits (which plaintiff ties into his class action argument) are not available in this UCL action." (emphasis in original). Under the UCL, the remedy of restitution may compel a defendant to "return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) (internal quotation marks omitted). The same is true under the False Advertising Law. *See Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979,

986 (9th Cir. 2015) (explaining that "'nearly identical' language under the False Advertising Law, *see* § 17535, grants a court discretion to order restitution"); *Henderson*, 2011 WL 1362188 at *8 ("The restitutionary remedies of section 17203 and 17535, on which section 17203 is patterned, are identical and are construed in the same manner.").

But a plaintiff suing under the UCL or FAL may not recover damages or "restitution" for a lost expectancy interest or lost business opportunities because these interests are not "vested." *Korea Supply Co.*, 29 Cal. 4th at 1149-51; *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1493 n.29 (2014), *as modified* (May 27, 2014) ("[N]onrestitutionary disgorgement is not available for these [UCL and False Advertising Law] claims."). "The California Supreme Court has made clear that the dual purposes of restoration and deterrence served by these statutes are concurrent rather than independent, and has refused to permit a monetary award of disgorgement of profits or receipts that was not restitutionary in nature under those statutes." *Colgan v. Leatherman Tool Grp.*, Inc., 135 Cal. App. 4th 663, 696-97 (2006).

Under these authorities, Tortilla Factory's request for "profits" and restitution against the Distributors should be stricken. Any interest Tortilla Factory purportedly had in sales through the Distributors is not an ownership interest under the UCL or False Advertising Law because "it is clear that [Tortilla Factory] is not seeking the return of money or property that was once in its possession." *Korea Supply Co.*, 29 Cal. 4th at 1149. Tortilla Factory did not have a vested interest in any money acquired by the Distributors because "[s]uch an attenuated expectancy [as money contingent on sales to a third party] cannot . . . be likened to [converted] 'property,' "as required for a court to award restitution. *Id.* at 1150. Rather, "the monetary relief requested by [Tortilla Factory] . . . is a contingent expectancy of payment from a third party" and "[f]orthese reasons, [the] plaintiff's claim is

properly characterized as a claim for nonrestitutionary disgorgement of profits," which is not an available remedy in a private action under the UCL or False Advertising Law. *Id.*; *see also Colgan*, 135 Cal. App. 4th at 696-97.

In short, Tortilla Factory possesses no ownership or vested interest in the money it seeks from the Distributors. The Court should thus strike Tortilla Factory's prayer for "restitution" and disgorgement of "profits" because they are unavailable as a matter of law.

## IV.   <u>CONCLUSION</u>

The Distributors should not be parties to this lawsuit and Tortilla Factory has not alleged any facts supporting any cause of action against them. As such, the Distributors respectfully request that the Motion to Dismiss be granted. The Court should also strike Tortilla Factory's prayer for disgorgement of "profits" and restitution, which are unavailable as a matter of law.

Dated:  June 18, 2018                    **POLSINELLI LLP**


                                         /s/  Noel Cohen

                                         Noel S. Cohen
                                         *Attorneys for Defendants Rowdy*
                                         *Mermaid Kombucha, LLC, United*
                                         *Natural Foods, Inc. and United*
                                         *Natural Foods West, Inc.*

64106835.1

1

## CERTIFICATE OF SERVICE

2

3    I am over the age of 18 and not a party to the within action; I am employed

by POLSINELLI LLP in the County of Los Angeles, California at 2049 Century

4    Park East, Suite 2900, Los Angeles, California 90067.

5    On June 18, 2018, I served the foregoing document(s) described as:

6
7    **DEFENDANTS UNITED NATURAL FOODS, INC. AND UNITED NATURAL FOODS WEST INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

8

9    on the interested parties in this action by:

10   [X]    **By CM/ECF:** I hereby certify that on this date, I electronically filed the

11   foregoing with the Clerk of the Court using the CM/ECF system which will send

12
     notification of such filing to the email addresses denoted on the Electronic Mail

13
14   notice list, and I hereby certify that I have mailed the foregoing document or paper

15   via the United States Postal Service to the non-CM/ECF participants (if any)

16   indicated on the Manual Notice List/Service List.

17

18   [X]    **(Federal)** I declare under penalty of perjury under the laws of the State of

19   California and under the laws of the United States of America that the above is true

20   and correct.

21   Executed on June 18, 2018, at Los Angeles, California.

22

23              _/s/ Noel Cohen_
                Noel Cohen

24

25

26

64106835.1