JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORTILLA FACTORY, LLC, a California limited liability company, | CASE NO. CV 18-2984-R |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| ROWDY MERMAID KOMBUCHA LLC, a Colorado limited liability company; et al., | |
| Defendants. | |

Before the Court are Defendant Rowdy Mermaid's Motion to Dismiss, and Defendants United Natural Food, Inc. and United Natural Foods West, Inc.'s Motion to Dismiss filed on June 18, 2018 (Dkt. No. 14, 15). Having been thoroughly briefed by the parties, this Court took the matters under submission on August 16, 2018.

This is a false advertising and unfair competition case. Plaintiff alleges that Defendant Rowdy Mermaid Kombucha LLC ("Rowdy Mermaid") mislabeled and continues to mislabel its kombucha drink products with respect to alcohol and sugar content. Federal law requires any alcoholic beverage sold or distributed in the United States with an alcohol content of 0.5% or more to bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988. 27 U.S.C. §215; 27 C.F.R. §16.21. Plaintiff alleges that it tested the alcohol content in Rowdy

1   Mermaid's Kombucha Products utilizing headspace gas chromatography combined with mass
2   spectrometry performed by a third-party lab, which allegedly revealed alcohol levels between
3   1.0% and 1.2%.  Plaintiff also alleges, based on its own experience as a kombucha producer, that it
4   is "highly unlikely" that Rowdy Mermaid accurately states the sugar content of their drinks.
5   Plaintiff alleges various acts of unfair business practices by Rowdy Mermaid as well, including
6   unlawfully securing exclusive or preferential arrangements with retailers and/or distributors.
7   Finally, Plaintiff alleges that the distributors United Natural Foods West, Inc. and United Natural
8   Foods, Inc. and Doe defendants 1-10 were aware of and "were in some manner responsible for the
9   acts alleged" in the Complaint.  The Complaint raises three causes of action: (1) false advertising
10  under Lanham Act §43(a), 15 U.S.C. §1125(a); (2) false advertising under California Business &
11  Professions Code §17500; and (3) unfair competition under California Business & Professions
12  Code §17200.  Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil
13  Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Rule
14  9(b) for failure to meet the heightened pleading standard when pleading fraud.

15   Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a
16  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
17  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Under the heightened
18  pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,
19  556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible
20  on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon
21  which it rests."  *Twombly*, 550 U.S. at 547; *Iqbal*, 556 U.S. at 698.  "All allegations of
22  material fact are taken as true and construed in the light most favorable to the nonmoving party."
23  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A court may consider
24  "documents whose contents are alleged in a complaint and whose authenticity no party questions,
25  but which are not physically attached to the [plaintiff's] pleading."  *Davis v. HSBC Bank Nev.,*
26  *N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

27   Dismissal is warranted in this case for three reasons.  First, the Complaint does not allege
28  facts showing that Plaintiff suffered injury as a result of any conduct by Rowdy Mermaid.

1  Plaintiff contends that the two companies are "vying for the same dollars from the same
2  consumers" and that the kombucha market is "sensitive to perceived health-benefits."  However,
3  Plaintiff has not alleged that the two companies' products are sold in the same stores, through the
4  same channels, or even in the same geographic areas.  Moreover, Plaintiff has not alleged facts
5  supporting its claim that Rowdy Mermaid's allegedly inaccurate alcohol content labeling caused
6  consumers to purchase Rowdy Mermaid products instead of those produced by Plaintiff or other
7  companies.  The Court does not need to adopt the presumption that there are two separate
8  markets—one for kombucha below 0.5% alcohol and one for kombucha with greater than 0.5%
9  alcohol—in order to come to this conclusion.
10       Second, the Complaint does not satisfy the heightened pleading standard under Federal
11 Rule of Civil Procedure 9(b).  Rule 9(b)'s heightened pleading requirement applies to claims of
12 unfair competition, false advertising under Cal. Bus. & Prof. Code §§17200 and 17500, and
13 Lanham Act claims for false advertising.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-27 (9th
14 Cir. 2009) (applying Rule 9(b) to §17200 claim); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,
15 1102-06 (9th Cir. 2003) (applying Rule 9(b) to §17500 claim); *Julian Bakery, Inc. v. Healthsource*
16 *International, Inc.,* 2018 WL 1524499 at *4 (S.D. Cal. Mar. 28 2018) (applying Rule 9(b) to
17 Lanham Act claim); *RPost Holdings, Inc. v. Trustifi Corp.*, 2012 U.S. Dist. LEXIS 197547 at *7
18 (C.D. Cal. 2012) ("Rule 9(b) applies to Plaintiff's false advertising claim under the Lanham
19 Act.").  With respect to Plaintiff's claims regarding alcohol content, the Complaint indicates that
20 Plaintiff relied on a single testing method and fails to mention that Alcohol and Tobacco Tax and
21 Trade Bureau ("TTB") regulations permit testing under "any method that has been formally
22 validated."  The Complaint does not specify which Rowdy Mermaid products were tested, what
23 third-party lab performed the test, whether the tests were performed multiple times, or any details
24 about the test itself or the specific results.  With respect to Plaintiff's sugar content claims, the
25 Complaint does not allege to have tested the sugar content of Rowdy Mermaid's products or to
26 otherwise have knowledge of their sugar content.  Rather, Plaintiff's claims of inaccurate labeling
27 are based "on information and belief" and the company's own experience brewing kombucha.
28 Plaintiff has not stated any factual basis for this belief beyond mere suspicion, which is

1  insufficient.  *See Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (allegations made "on
2  information and belief" found insufficient where the complaint alleged "no more than 'suspicious
3  circumstances'").

4        Third, under the doctrine of primary jurisdiction, resolution of issues pertaining to the
5  measurement of alcohol in kombucha is best reserved for the TTB.  Under the primary jurisdiction
6  doctrine, courts may "determine that the initial decision-making responsibility should be
7  performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v.*
8  *Microchip Tech., Inc.*, 307 F.3d 775, 780 (9th Cir. 2002).  When deciding to apply the doctrine,
9  Courts generally consider the following four factors: "(1) the need to resolve an issue that (2) has
10 been placed by Congress within the jurisdiction of an administrative body having regulatory
11 authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive
12 regulatory authority that (4) requires expertise or uniformity in administration." *Id*. at 781 (citing
13 *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir. 1987)).  The primary
14 jurisdiction doctrine permits Courts to dismiss or stay an action pending resolution of an issue
15 within the special competence of an administrative agency.  *Clark v. Time Warner Cable*, 523
16 F.3d 1110, 1114 (9th Cir. 2008).  Here, there appears to be a need to resolve the appropriate
17 methodology for testing and labeling alcohol content in kombucha, which is better left to the
18 expertise of the TTB rather than the courts.  Moreover, Congress gave exclusive authority to the
19 Treasury Department, which then delegated its duties to the TTB, to regulate the labels on
20 alcoholic beverages.  This regulation is comprehensive and requires both uniformity of
21 administration and expertise that the Court lacks.  Thus, the primary jurisdiction doctrine provides
22 a further reason to dismiss this case beyond Plaintiff's failure to state a claim under Rule 12(b)(6)
23 and to meet the pleading standard of Rule 9(b).

24       Finally, because Plaintiff has failed to state a claim against Rowdy Mermaid, its claims
25 against United Natural Foods, Inc., United Natural Foods West, Inc., and Doe Defendants 1-10 for
26 violations of §§17200 and 17500 of the California Business and Professions Code must also fail.
27 Plaintiff cannot meet the pleading standards of either Rule 9(b) or *Twombly/Iqbal* since it has
28 failed to plead any facts beyond mere speculation to indicate that Defendants had any knowledge

of or involvement in the alleged wrongdoings.  Thus, Plaintiff can establish neither direct liability nor aider and abettor liability as to these Defendants.

**IT IS HEREBY ORDERED** that Defendant Rowdy Mermaid's Motion to Dismiss is GRANTED. (Dkt. No. 14).

**IT IS FURTHER ORDRED** that Defendants United Natural Food, Inc. and United Natural Foods West, Inc.'s Motion to Dismiss is GRANTED. (Dkt. No. 15).

Dated: September 11, 2018.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE